IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEREMY FRYDMAN, on behalf of plaintiff and the class defined below, </br></br> Plaintiff, </br></br> vs. </br></br> PORTFOLIO RECOVERY ASSOCIATES, LLC </br></br> Defendant. | 11 CV 524 </br></br> Judge Blanche M. Manning </br></br> Magistrate Judge Jeffrey T. Gilbert |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff respectfully requests that this action, brought under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), be certified as a class action pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3). Plaintiff seeks to represent the following class:

> (a) all persons with cellular numbers in the Illinois area codes (217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872) (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) received automated calls from defendant (d) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

Plaintiff also seeks the appointment of Edelman, Combs, Latturner & Goodwin LLC as counsel to the class.

In support of this motion, plaintiff states as follows:

**BACKGROUND**

1. Defendant Portfolio Recovery Associates, LLC has been attempting to collect from plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

2. During December 2010 and January 2011, plaintiff received a series of automated telephone calls from defendant on his cell phone. Defendant made at least the following

calls:

    a. December 8, 2010 at 1:56pm
    b. December 14, 2010 at 8:46am
    c. December 23, 2010 at 4:15pm
    d. December 29, 2010 at 8:39am
    e. December 29, 2010 at 12:10pm
    f. January 3, 2011 at 7:22pm
    g. January 5, 2011 at 4:20pm
    h. January 7, 2011 at 10:08am
    i. January 7, 2011 at 8:37am
    j. January 9, 2011 at 6:27pm
    k. January 10, 2011 at 1:22pm
    l. January 12, 2011 at 11:16am
    m. January 12, 2011 at 6:54pm
    n. January 13, 2011 at 2:34pm
    o. January 14, 2011 at 3:58pm
    p. January 16, 2011 at 3:30pm
    q. January 17, 2011 at 1:22pm
    r. January 17, 2011 at 2:23pm
    s. January 18, 2011 at 10:36am
    t. January 19, 2011 at 2:03pm

3. On information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

4. Plaintiff did not authorize the automated placement of calls to his cell phone.

5. Plaintiff did not furnish his cell phone number to defendant or the putative

creditor.

6. Plaintiff did not even obtain his current cell phone number until after the alleged debt was charged off.

7. Plaintiff and each class member is entitled to statutory damages.

8. Defendant violated the TCPA even if its actions were only negligent.

9. Defendant should be enjoined from committing similar violations in the future.

10. The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**... (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**
>
>> **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; ...**

11. The TCPA, 47 U.S.C. §227(b)(3), further provides:

**Private right of action.**

**A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**

> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this**

3

**subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

12. Defendant violated the TCPA by placing automated calls to plaintiff's cell phone.

**CLASS CERTIFICATION REQUIREMENTS**

13. The class is so numerous that joinder of all class members would be impractical. Fed.R.Civ.P. 23(a)(1). On information and belief – given the length of the class eligibility period (four years), the business of defendant (debt collection through, among other things, telephone calls to purported debtors), and the methods used by defendant in the usual course of its business (locating alleged debtors by electronic means) – there are more than 40 class members. The exact number of class members will be determined in the course of discovery; plaintiff requests a briefing schedule long enough to allow for the discovery of this information.

14. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendant engaged in a pattern of using automated equipment to place calls to cellular telephones;

    b. The manner in which defendant obtained the cell phone numbers;

    c. Whether defendant thereby violated the TCPA;

15. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices (<u>Exhibit C</u> to the accompanying Memorandum in Support of Plaintiff's Motion for Class Certification). Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

16. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of

separate claims against defendants is small because it is not economically feasible to bring individual actions.

17. In light of all of this, the requirements of Fed.R.Civ.P. 23(a) and 23(b)(3) are satisfied, and a class should be certified.

18. In further support, a memorandum of law is presented concurrently with this motion.

WHEREFORE, plaintiff respectfully requests that this action be certified as a class action pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

Respectfully submitted,

s/ Cassandra P. Miller
Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **CERTIFICATE OF SERVICE**

       I, Cassandra P. Miller, hereby certify that on January 25, 2011, I caused to be filed the foregoing documents via the CM/ECF System. I caused the foregoing document to be sent to a process server to be served by hand delivery upon the following:

PORTFOLIO RECOVERY ASSOCIATES, LLC
c/o National Registered Agents, Inc.
200 W. Adams Street
Chicago, IL 60606

                                              s/ Cassandra P. Miller
                                              Cassandra P. Miller