**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JEREMY FRYDMAN, and ) <br> SAM MARIN ) <br> on behalf of plaintiffs and the class defined ) <br> below, ) <br> ) <br>         Plaintiffs, ) <br> ) <br>    vs. ) <br> ) <br> PORTFOLIO RECOVERY ) <br>    ASSOCIATES, LLC ) <br> ) <br>         Defendant. ) | 11 CV 524 <br><br> Judge Blanche M. Manning <br><br> Magistrate Judge Jeffrey T. Gilbert |

**CONSOLIDATED COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiffs Jeremy Frydman and Sam Marin bring this action to secure redress from unlawful credit and collection practices engaged in by defendant Portfolio Recovery Associates, LLC. Plaintiffs allege violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

**VENUE AND JURISDICTION**

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337.

4. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District.

    b. Defendant transacts business within this District.

**PARTIES**

5. Plaintiff Jeremy Frydman is an individual who resides in the Northern District of Illinois.

1

6. Plaintiff Sam Marin is an individual who resides in the Northern District of Illinois.

7. Defendant Portfolio Recovery Associates, LLC is a Delaware corporation. It does business in Illinois. Its registered agent and office are National Registered Agents, Inc., 200 W. Adams Street, Chicago, Illinois 60606.

8. Portfolio Recovery Associates, LLC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

## FACTS RELATED TO PLAINTIFF FRYDMAN

9. Defendant has been attempting to collect from plaintiff Frydman an alleged debt incurred for personal, family or household purposes and not for business purposes.

10. During December 2010 and January 2011, plaintiff Frydman received a series of automated telephone calls from defendant on his cell phone. Defendant made at least the following calls to Plaintiff Frydman:

    a. December 8, 2010 at 1:56pm

    b. December 14, 2010 at 8:46am

    c. December 23, 2010 at 4:15pm

    d. December 29, 2010 at 8:39am

    e. December 29, 2010 at 12:10pm

    f. January 3, 2011 at 7:22pm

    g. January 5, 2011 at 4:20pm

    h. January 7, 2011 at 10:08am

    i. January 7, 2011 at 8:37am

    j. January 9, 2011 at 6:27pm

    k. January 10, 2011 at 1:22pm

    l. January 12, 2011 at 11:16am

    m. January 12, 2011 at 6:54pm

        n.        January 13, 2011 at 2:34pm

        o.        January 14, 2011 at 3:58pm

        p.        January 16, 2011 at 3:30pm

        q.        January 17, 2011 at 1:22pm

        r.        January 17, 2011 at 2:23pm

        s.        January 18, 2011 at 10:36am

        t.        January 19, 2011 at 2:03pm

11. On information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

12. Plaintiff Frydman did not authorize the automated placement of calls to his cell phone.

13. Plaintiff Frydman did not furnish his cell phone number to defendant or the putative creditor.

14. Plaintiff Frydman did not even obtain his current cell phone number until after the alleged debt was charged off.

## FACTS RELATED TO PLAINTIFF MARIN

15. Plaintiff was a co-debtor with his ex-wife, Darcy A. Loyla on the Wells Fargo Auto Finance account in question prior to their divorce.

16. No joint debts were included in their divorce decree, and the account was in good standing as of their divorce.

17. Upon information and belief, the account was closed in good standing or charged off between 1995 and 1998, as plaintiff's ex-wife maintained the payments and eventually took possession of the vehicle.

18. Plaintiff obtained his current cell phone number in 1998, subsequent to the initialization of the loan, and thus did not furnish or give consent to receive calls regarding this

debt from the defendant.

19. Upon information and belief, PRA obtained plaintiff's cell phone number via skip-tracing.

20. Upon information and belief, the account on which Defendant is attempting to collect was and is past the statute of limitations pursuant to 735 ILCS 513-205/206.

21. Between October 2010 and December 19th, 2010, there were around 100 calls placed to the plaintiff's cell phone from numbers known to be owned by Portfolio Recovery Associates LLC.

22. These calls took place at a frequency of approximately twice per day.

23. PRA did not identify themselves or leave messages indicating that they were a debt collector in any of these cases.

24. On or around December 19th, 2010, an employee of Portfolio Recovery Associates (hereafter PRA) telephoned plaintiff on his cell phone.

25. On or around December 28th, 2010, an employee of PRA telephoned plaintiff on his cell phone.

26. On or around January 25, 2010, an employee of PRA telephoned plaintiff on his cell phone.

27. On information and belief, in both instances, the PRA employee failed to advise that they were a debt collector and that this was an attempt to collect a debt.

28. When plaintiff answered the phone on January 25, 2010, there was a 10 second pause with no communications from the other end of the line, which indicates the use of an autodialer mechanism.

29. In all instances, on information and belief, PRA utilized an autodialer that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator to call the plaintiff.

30. Plaintiff advised in both instances that he was on his cell phone, and that no consent was given to contact him via that number or via any other telephonic method in the future.

31. During this communication, the employee of PRA failed to disclose the identity of the company from which he or she was calling and failed to disclose that the company was a debt collector calling to collect a debt.

32. At the time of this communication, plaintiff had never previously provided defendant with authorization to telephone plaintiff's cellular phone.

33. Defendant failed to send Plaintiff written notification of Plaintiff's alleged indebtedness to defendant and plaintiff's right to dispute defendant's allegation within five(5) days of defendant's above referenced initial communication to plaintiff.

34. As of the date of filing this lawsuit, plaintiff has not received written notification of the alleged indebtedness.

35. Defendant failed to advise Marin that they were a debt collector and that information obtained would be used in the process of collecting a debt. Defendant has therefore violated FDCPA, 15 U.S.C § 1692 e(11).

36. Plaintiffs and each class member is entitled to statutory damages.

37. Defendant violated the TCPA even if its actions were only negligent.

38. Defendant should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

39. Plaintiffs incorporate paragraphs 1-38.

40. The TCPA, 47 U.S.C. §227, provides:

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United**

>> States–
>>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
>>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .

41. The TCPA, 47 U.S.C. §227(b)(3), further provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
>> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>>
>> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>>
>> **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

42. Defendant violated the TCPA by placing automated calls to plaintiffs' cell phone.

## CLASS ALLEGATIONS

43. Plaintiffs bring this claim on behalf of a class, consisting of (a) all persons with cellular numbers in United States (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) received automated calls from defendant (d) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

44. The geographic boundaries of the class may be limited based upon what discovery reveals.

45. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

46. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendant engaged in a pattern of using automated equipment to place calls to cellular telephones;

    b. The manner in which defendant obtained the cell phone numbers;

    c. Whether defendant thereby violated the TCPA;

47. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

48. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

49. Several courts have certified class actions under the TCPA. Balbarin v. North Star Capital Acquisition, LLC, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D.Ill., January 5, 2011) (cell phone); Mitchem v. Illinois Collection Serv., 09 C 7274, 2011 U.S. Dist. LEXIS 714 (N.D.Ill., January 3, 2011) (cell phone); Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008) (fax); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008) (fax); Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash. 2007) (fax); Gortho, Ltd., v. Websolv, 03 CH 15615 (Cir. Ct. Cook Co., March 6,

2008) (fax); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004) (fax); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005) (fax); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006) (fax); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007) (fax); Display South, Inc. v. Graphics House Sports Promotions, Inc., 992 So. 2d 510 (La. App. 1st Cir. 2008) (fax); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002) (fax); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003) (fax); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (fax).

        50.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

        WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiffs and the class and against the defendant for:

    (1)    Statutory damages;

    (2)    An injunction against further violations;

    (3)    Costs of suit;

    (4)    Such other or further relief as the Court deems just and proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

Keith J. Keogh
Ainat Margalit
Keogh Law, Ltd.
101 North Wacker Drive, Suite 605
Chicago, Illinois 60606
(312) 726-1092
(312) 726-1093 (Fax)
Keith@KeoghLaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A.Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

I, Daniel A Edelman, hereby certify that on March 4, 2011, I caused to be filed the foregoing documents via the CM/ECF System. I also caused the foregoing document to be served via US Mail upon the following:

Jennifer Robbins
Denise S. Rahne
Christopher W. Madel
Nicole S. Frank
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402

Alex Vesselinovitch
Emily J. Prentice
Katten Muchin Rosenman, LLP
525 W Monroe, Suite 1900
Chicago, IL 60661

/s/ Daniel A.Edelman
Daniel A. Edelman