**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEREMY FRYDMAN, and | ) | |
| SAM MARIN | ) | |
| on behalf of plaintiffs and the class defined | ) | |
| below, | ) | 11 CV 524 |
| | ) | |
| Plaintiffs, | ) | Judge Blanche M. Manning |
| | ) | |
| vs. | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**I. Initial Status:** Plaintiffs initially filed separate lawsuits and plaintiff Marin filed a motion to relate *Marin vs. Portfolio Recovery Associates, LLC*, Case No. 11-cv-00671 (Judge Blanche M. Manning) to earlier-filed case *Frydman vs. Portfolio Recovery Associates, LLC.*, Case No. 11-cv-524 (Judge Blanche M. Manning) pending before this Court, as both cases involve substantially the same parties, classes and issues.

Pursuant to this Court's order of February 28, 2011, Plaintiff Frydman and Plaintiff Marin filed a consolidated complaint.

**II. Status:**

A. <u>Nature of the Case</u> Plaintiffs filed this action to secure redress from the credit and collection practices engaged in by defendant Portfolio Recovery Associates, LLC. Plaintiffs allege violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA")

(1) <u>Bases for jurisdiction, nature of the claims and counterclaims</u>. This Court has jurisdiction under 28 U.S.C. §1331 (general federal question) and 47 U.S.C. §227 (TCPA). Plaintiffs complain about defendant's practice of making unauthorized phone calls to cellular telephones in violation of the TCPA and seek to represent a class, consisting of (a) all persons with cellular numbers in United States (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) received automated calls from defendant (d) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

PRA previously intended to file a motion to transfer this matter based on venue, but has determined not to pursue a motion to transfer venue after the meet and confer with plaintiffs' counsel.

PRA has filed a motion to dismiss or stay this case because it asserts this case raises issues under consideration by the Federal Communications Commission ("FCC") in a rulemaking proceeding. Specifically, in response to extensive comments made as part of the FCC's Notice of Proposed Rulemaking ("NPRM"), the FCC will address: (1) whether the TCPA applies to calls made by debt collectors; and (2) whether dialing systems that employ predictive dialing technology, such as those used by debt collectors, constitute "automatic telephone dialing systems" ("ATDS") under the TCPA.

Plaintiffs contend that there is no reason to stay or dismiss this matter as the FCC has already ruled that the (1) the TCPA applies to calls made by debt collectors to cell phone; and (2) dialing systems that employ predictive dialing technology, such as those used by debt collectors, constitute "automatic telephone dialing systems." *In the Matter of Rules & Regulations implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. R. 14014, ¶132 (Fed. Commc'n Comm'n July 3, 2003) ("2003 FCC Order") and *In the Matter Of Rules and Regulations Implementing the Telephone Consumer Protection Act Of 1991: Request of ACA International for Clarification and Declaratory Ruling*, 07-232, ¶ 12, n. 23 (2007) ("2007 FCC Order") (quoting and affirming the 2003 FCC Order).

(2) <u>Major legal issues</u>. Whether the TCPA applies to calls made by debt collectors to cell phone, whether PRA's dialing technology is an ATDS as defined by TCPA, whether each plaintiff and each member of the putative class can prove that PRA's actions violate the TCPA, whether plaintiffs provided consent to be called by defendant on their cellular phones, whether plaintiffs can maintain a class action pursuant to Red. R. Civ. P. 23.

(3) <u>Major factual issues</u>. Whether defendant's dialing systems employ predictive dialing technology to constitute "automatic telephone dialing systems and whether plaintiffs provided consent to be called by defendant on their cellular telephones.

(4) <u>Citations to key authorities which will assist the Court in understanding and ruling on the issues</u>.

*CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F. 3d 443, 449 (7th Cir. 2010); *Satterfield v. Simon & Schuster, Inc.*, 569 F. 3d 946 (9th Cir. Cal. 2009); *In the Matter of Rules & Regulations implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. R. 14014, ¶132 (Fed. Commc'n Comm'n July 3, 2003) ("2003 FCC Order") and *In the Matter Of Rules and Regulations Implementing the Telephone Consumer Protection Act Of 1991: Request of ACA International for Clarification and Declaratory Ruling*, 07-232, ¶ 12, n. 23 (2007) ("2007 FCC Order") (quoting and affirming the 2003 FCC Order).

Plaintiffs' TCPA Class Cases

*CE Design Ltd. v. King Architectural Metals, Inc.*, 2011 U.S. App. LEXIS 5365 (7th Cir. Ill. Mar. 18, 2011) *Balbarin* v. *North Star Capital Acquisition, LLC,* Case No. 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. Jan. 5,2011) (Bucklo)(motion to reconsider denied on Jan. 21, 2011, Dkt. No. 160); *Mitchem* v. *Illinois Collection Service, Inc.,* 09 C 7274, 2011 U.S. Dist.

LEXIS 714 (N.D. Ill., Jan. 3,2011); *Paldo Sign & Display Co. v. Topsail Sportswear, Inc.,* 2010 U.S. Dist. LEXIS 125842 (N.D.Ill. Nov. 29,2010); *Garrett* v. *Ragle Dental Lab., Inc., 2010* U.S. Dist. LEXIS 108339 (N.D.Ill. Oct. 12,2010); *Targin Sign Systems, Inc.* v. *Preferred Chiropractic Center, Ltd.,* 679 F. Supp. 2d 894 (N.D.Ill. 2010); *C.E. Design Ltd.* v. *Cy's Crabhouse North, Inc., 259* F.R.D. 135 (N.D. Ill. 2009); *Hinman v. M and M Rental Center* Inc., 545 F. Supp. 2d 802 (N.D. Ill. 2008); and *Brill v. Countrywide Home Loans, Inc.,* 05 C 2713 (N.D. Ill. June 28, 2006).

Defendant's TCPA Class Cases

*Clearbrook v. Rooflifters, LLC*, No. 08-C-3276, 2010 U.S. Dist. LEXIS 65128 (N.D. Ill. June 28, 2010); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, No. 06-C-949, 2007 U.S. Dist. LEXIS 91512 (N.D. Ill. Dec. 13, 2007); *Hicks v. Client Servs., Inc.*, 2008 U.S. LEXIS 101129 (S.D. Fla. Dec. 10, 2008); *Sadowski v. Med1 Online, LLC,* No. 07-C-2973, 2008 U.S. Dist. LEXIS 12372 (N.D. Ill. Feb. 20, 2008); *Saf-T-Gard Int'l, Inc. v. Wagener Equities, Inc.,*, 251 F.R.D. 312 (N.D. Ill. 2008); *Sw. Bell Tel. L.P. v. Vartec Telecom, Inc.*, No. 4:04-CV-1303, 2005 U.S. Dist. LEXIS 26166 (E.D. Mo. Aug. 23, 2005); *United States v. Dish Network, L.L.C.*, No. 09-3073, 2011 U.S. Dist LEXIS 10943 (C.D. Ill. Feb. 4, 2011);

### III. DISCOVERY

The parties have not yet engaged in discovery.

**A. The parties would propose the following Draft Scheduling Order:**

a. <u>Rule 26a(1) Disclosures:</u> Both parties by April 29, 2011.

b. <u>Fact Discovery:</u> cutoff set for November 30, 2011.

c. <u>Expert Discovery:</u> The parties propose that reports from retained experts under Rule 26(a)(2) due from the plaintiff and defendants by January 16, 2012, rebuttal reports due by February 15, 2012; depositions of experts completed by March 30, 2012.

d. <u>Disclosure of Electronically Stored Information</u>: The parties have agreed to produce electronically stored information either on a portable format such as CD, or as a hard copy as an initial matter. Once the parties have had the opportunity to review the hard copies, the parties agree to confer amongst themselves to determine if any additional exchange or production is needed in electronic format.

e. <u>Dispositive Motions</u>: Motions for summary judgment and supporting memorandum due April 16, 2012. Response due May 15, 2012 and Reply due June 13, 2012.

-The parties would request a status after a briefing schedule has been entered on any dispositive motion to set a trial date.

Plaintiffs request pursuant to Rule 16(b)(5) that the Court order that defendant preserve all electronically or otherwise stored information pertaining to the class members' identities.

**B.     Trial Status**

(1) <u>Whether or not a jury has been requested</u>.  Plaintiffs have requested a jury.

(2) <u>Probable length of the trial</u>.  The trial will likely last five to seven days.

**C.     Consent to Proceed Before a Magistrate Judge** The parties do unanimously consent to the jurisdiction of a Magistrate Judge.

**D.     Settlement Status**

(1) <u>Whether or not settlement discussions have been held and the status of those discussions, if any</u>.  The parties have yet to discuss settlement and plaintiffs would need class information in order to facilitate settlement.

(2)  The parties are willing to consider scheduling a settlement conference before the magistrate upon disposition of PRA's pending motion.

Respectfully submitted,

| | |
|---|---|
| /s/ Keith J. Keogh | /s/ Jennifer Robbins |
| *Counsel for Plaintiffs* | *Counsel for Defendant* |

Keith J. Keogh  
CRAIG SHAPIRO  
KEOGH LAW, LTD.  
101 N. Wacker, Dr., Ste. 605  
Chicago, Il. 60606  
312.726.1092/312.726.1093 (fax)  
Keith@KeoghLaw.com  
CShapiro@Keoghlaw.com  

Jennifer Robbins  
Denise S. Rahne  
Christopher W. Madel  
Nicole S. Frank  
Robins, Kaplan, Miller & Ciresi LLP  
2800 LaSalle Plaza  
800 LaSalle Avenue  
Minneapolis, MN  55402  

Alex Vesselinovitch  
Emily J. Prentice  
Katten Muchin Rosenman, LLP  
525 W Monroe, Suite 1900  
Chicago, IL  60661  

/s/ Cassandra P. Miller  
Daniel A. Edelman  
Cathleen M. Combs  
James O. Latturner  
Cassandra P. Miller  
EDELMAN, COMBS, LATTURNER  
& GOODWIN, L.L.C.  
120 S. LaSalle Street, 18th Floor  
Chicago, Illinois  60603  
(312) 739-4200  
(312) 419-0379 (FAX)

## CERTIFICATE OF SERVICE

      I, Cassandra P. Miller, hereby certify that on March 29, 2011, I electronically filed the foregoing documents via the CM/ECF System and caused the foregoing documents to be sent via U.S. Mail to the following:

Jennifer Robbins
Denise S. Rahne
Christopher W. Madel
Nicole S. Frank
Robins, Kaplan, Miller & Ciresi LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402

Keith J. Keogh
CRAIG SHAPIRO
KEOGH LAW, LTD.
101 N. Wacker, Dr., Ste. 605
Chicago, Il. 60606

Alex Vesselinovitch
Emily J. Prentice
Katten Muchin Rosenman, LLP
525 W Monroe, Suite 1900
Chicago, IL  60661

                                                    s/Cassandra P. Miller
                                                    Cassandra P. Miller


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS & LATTURNER
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)