IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY FRYDMAN and SAM MARIN, on behalf of plaintiffs and the class defined below, | ) ) ) ) ) | 11 CV 524 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Magistrate Judge Jeffrey T. Gilbert |
| PORTFOLIO RECOVERY ASSOCIATES, LLC | ) ) ) ) | |
| Defendant. | ) | |

## MOTION TO AMEND PROTECTIVE ORDER

Plaintiffs, Jeremy Frydman and Sam Marin, respectfully request an order to amend the stipulated protective order [Doc 68] with Portfolio Recovery Associates, LLC (hereinafter referred to as "PRA" or "Defendant") to allow plaintiffs' counsels in this case to provide discovery designated as confidential to plaintiffs' counsels in the underlying TCPA cases against PRA provided that such discovery would be subject to any protective orders in those cases as if the discovery was designated confidential in those cases.   In support thereof, the parties state:

1. On July 12, 2011, the parties filed their stipulated protective order. Doc. 68. A copy of which is attached hereto as *Exhibit 1*.

2. *Exhibit 1* allows either party to designate certain material as confidential and limit the use of any such designated material.

3. On August 19, 2011 the plaintiffs in this action filed a petition before the MDL panel seeking to consolidate this matter with several actions listed which allege violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") against PRA:

1. *Frydman and Marin v. Portfolio Recovery Associates, LLC*. No. 11 CV 524 (N.D.Ill.) ("*Frydman*");

2. *Bartlett v. Portfolio Recovery Associates, LLC*. No. 11 CV 624 JOF (N.D.Ga.) ("*Bartlett*");

3. *Harvey v. Portfolio Recovery Associates, LLC*. No. 11 CV 582 (M.D.Fla.) ("*Harvey*");

4. *Allen, Jr. v. Portfolio Recovery Associates, LLC*. No. 10 CV 2658 JAH BGS (S.D.Ca.) ("*Allen*"); and

5. *Meyer v. Portfolio Recovery Associates, LLC et al.,* No. 11 CV 1008 AJB RBB (S.D.Ca.) ("*Meyer*")

4. PRA has filed a response to the petition agreeing that the above cases should be consolidated for pre-trial purposes.

5. PRA has also informed this Court that it was having issues with the lack of coordination between plaintiffs' counsels in the various TCPA cases against it. Based on these assertions, plaintiffs' counsel has reached out to various plaintiffs' counsel to attempt to coordinate discovery. However, plaintiffs contend that the confidential designation as to almost all of the discovery produced has prevented plaintiffs' counsel from discussing coordination of discovery.

6. In the hopes that all parties will coordinate discovery for mutual benefit regardless of whether the MDL panel consolidates these cases, plaintiffs requested that Portfolio agree to amend the protective order. Initially, PRA requested that any coordination wait until after the MDL panel rules. After the parties had a telephone conference on October 27, 2011, PRA stated that it would consider an agreed motion.

7. Yet after plaintiffs forwarded a draft agreed motion, PRA responded that it would only agree to modify the protective orders if all plaintiffs counsels drop their objections to consolidation. A copy of PRA's response is attached as *Exhibit 2*.

8. PRA's response is simply a stalling measure to prevent plaintiffs' counsels from coordinating discovery. Any appearance of being reasonable is illusory as PRA knows full well that some plaintiffs are vigorously opposing consolidation. PRA's position is ironic since it was the party complaining that discovery should be coordinated now.

9. Pursuant to Rule 37, the parties have discussed this matter via e-mail and telephonically and have been unable to come to an agreement.

WHEREFORE, plaintiffs respectfully request this Court enter an order to amend the stipulated protective order [Doc 68] to allow plaintiffs' counsels in this case to provide discovery designated as confidential to plaintiffs' counsels in the underlying TCPA cases against PRA provided that such discovery would be subject to any protective orders in those cases as if the discovery was designated confidential in those cases.

Respectfully submitted

| | |
|---|---|
| By:/s/Keith J. Keogh<br>Keith J. Keogh<br>Craig Shapiro<br>Timothy J. Sostrin<br>**KEOGH LAW, LTD.**<br>101 N. Wacker Dr., Suite 605<br>Chicago, IL 60606<br>Telephone: 312-726-1092<br>Facsimile: 312-726-1093 | Daniel A. Edelman<br>Cathleen M. Combs<br>James O. Latturner<br>Cassandra P. Miller<br>Edelman, Combs, Latturner & Goodwin, L.L.C.<br>120 S. LaSalle Street, 18th Floor<br>Chicago, IL 60603<br>Telephone: 312-739-4200<br>Facsimile: 312-419-0379<br><br>Attorneys for Plaintiffs Jeremy Frydman and Sam Marin |

3