IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEREMY FRYDMAN and SAM MARIN, on behalf of plaintiff and a class of United States citizens<br><br>Plaintiffs,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | CIVIL ACTION FILE NO.<br>11 CV 524<br><br>Magistrate Judge Jeffrey T. Gilbert |

**Defendant Portfolio Recovery Associates, LLC's Memorandum in Opposition to Plaintiffs Jeremy Frydman and Sam Marin's Motion for An Extension of Time to File a Reply in Support of their Motion for Class Certification**

**Facts**

1. On July 6, 2011, the Court ordered that all fact discovery in this action be completed on or before November 20, 2011. (Dkt. No. 65.)

2. On August 19, 2011, Plaintiffs Jeremy Frydman and Sam Marin filed their amended motion for class certification. (Dkt. No. 69.) That same day, Plaintiffs Frydman and Marin filed a motion before the United States Judicial Panel on Multidistrict Litigation ("Panel") requesting that their case be consolidated with five other putative class actions filed against Portfolio Recovery Associates, LLC ("PRA") for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 228 ("TCPA") and transferred to the Northern District of Illinois. (Madel Decl. ¶ 2, Ex. A.)[1]

3. The parties participated in a status conference before the Court on September 1, 2011. (Dkt. No. 73.) During the status conference, PRA stated that it hoped that the Panel would hear oral argument on Plaintiffs Frydman and Marin's motion to transfer and consolidate the actions at the upcoming September 27, 2011 Panel hearing. (Madel Decl. ¶ 3.) Recognizing that the Panel may decide whether to transfer or consolidate the actions prior to the end of the month, the Court ordered "Plaintiffs' counsel . . . to inform the Court . . . of the date the Joint Panel on Multidistrict Litigation will hear the motion(s) to transfer now pending before it, and of any decision entered by the panel on the pending motions." (Dkt. No. 73.) The Court also ordered PRA to take the

---

[1] Citations to "Madel Decl." refer to the Declaration of Christopher W. Madel submitted in support of PRA's Memorandum in Opposition to Plaintiffs Jeremy Frydman and Sam Marin's Motion for An Extension of Time to File a Reply Brief in Support of their Motion for Class Certification.

depositions of the class representatives and file a response to Plaintiffs' motion for class certification on or before October 28, 2011. (Dkt. No. 73.)

4. On October 4, 2011, the parties participated in another status conference with the Court. (Dkt. No. 74.) During this conference, PRA informed the Court that the Panel would not hear Plaintiffs' motion to transfer and consolidate the actions at the September 27 hearing. (Madel Decl. ¶ 4.) PRA informed the Court that it was likely that the Panel would hear Plaintiffs' motion to transfer and consolidate the action during the next Panel hearing scheduled for December 1, 2011. (*Id.*) PRA requested that the Court stay briefing on class certification until after the Panel had ruled on Plaintiffs' motion to transfer and consolidate the actions so that PRA would not have to duplicate its efforts and file multiple briefs opposing Plaintiffs' class certification motions. (*Id.*) Plaintiffs opposed PRA's request to stay the action and argued that class certification briefing should continue as planned. (*Id.*) The Court granted Plaintiffs' request and ordered that "the briefing schedule previously set for the Amended Motion for Class Certification [69] will stand." (Dkt. No. 74.)

5. The Court held another status conference on October 21, 2011 to discuss class certification briefing. (Dkt. No. 75.) Again, the Court ordered that "Defendant's response to Plaintiff's motion for class certification [69] is currently due 10/28/11." (*Id.*) The Court further stated that "[i]f Plaintiffs' desire to file a reply in support of their motion and in opposition to Defendant's response, they shall file a short motion requesting leave to file such a reply and suggesting a date for filing of same." (*Id.*)

6. On October 28, 2011, PRA filed its memorandum of law in opposition to Plaintiffs' amended motion for class certification. (Dkt. No. 78.) In support of its

memorandum of law in opposition to Plaintiffs' class-certification motion, PRA filed a declaration of Kelly Warren, PRA's Assistant Vice President of Litigation Operations, who attached copies of card member agreements from various credit card companies. (Dkt. No. 80.) PRA also filed a Declaration of Jennifer M. Robbins attaching an Affidavit of James Ball, a Team Leader of DB Servicing Corporation, which is the servicing affiliate of Discover Bank and Issuer of the Discover Card. (Dkt. No. 79-1.) Mr. Ball's Affidavit enclosed a copy of the card member agreements that Discover Bank provided to Plaintiff Frydman when he signed up for his credit cards. (*Id.*) PRA produced a copy of Plaintiff Frydman's credit card agreements discussed in Mr. Ball's Affidavit on August, 16, 2011 (bates labeled PRAJF_SM0007355- PRAJF_SM0007363 and PRAJF_SM0007365- PRAJF_SM0007372).

7. On November 3, 2011—six days after PRA filed its opposition brief to Plaintiffs' amended class-certification motion—the Court held a hearing on Plaintiffs' motion for an Amended Protective Order. (Dkt. No. 83.) After denying Plaintiff's request, the Court "granted [Plaintiffs'] leave to file a reply brief in support of their Motion for Class Certification . . . on or before 11/17/11." (*Id.*) Plaintiffs provided neither the Court nor PRA any notice that it would be unable to file its reply brief on or before November 17. (Robbins Decl. ¶ 2.)[2]

8. On November 11, 2011, Plaintiffs filed a motion to amend their complaint to include additional plaintiffs. (Dkt. No. 84.) The Court held a hearing on November 15,

---

[2] Citations to "Robbins Decl." refer to the Declaration of Jennifer M. Robbins submitted in support of PRA's Memorandum in Opposition to Plaintiffs Jeremy Frydman and Sam Marin's Motion for An Extension of Time to File a Reply Brief in Support of their Motion for Class Certification.

3

2011, denying Plaintiffs' request to amend their complaint because the proposed amended complaint included "paragraphs referencing the Fair Debt Collection Practices Act that were [previously] stricken from the existing complaint." (*Id.*) The Court then reaffirmed its ruling that "[t]he previously set date of 11/17/11 for Plaintiffs to file the reply memorandum in support of their motion for class certification shall stand." (*Id.*)

9. On November 16, 2011, the day before Plaintiffs' reply memorandum was due, and just one day after Plaintiffs confirmed their desire to file a reply brief by November 17, Plaintiffs requested that this Court grant them an extension to file their reply memorandum. (Dkt. No. 88, herein "Pls.' Mot.") Plaintiffs argue that they need additional time to depose James Ball and Kelly Warren, who submitted affidavits on which PRA relied in opposing Plaintiffs' motion for class certification. (*Id.*) Plaintiffs' request is specious at best and the Court should deny their request for an extension to file a reply brief.

**Argument**

**I.    Because Plaintiffs failed to prepare their response and to conduct discovery in a timely manner, Plaintiffs' motion is untimely.**

Late in the day on November 16, 2011—the day before Plaintiffs' deadline to file their reply brief in support of their motion for class certification—Plaintiffs filed the instant motion, seeking an indefinite extension of time to file their reply brief. (Pls.' Mot. at 5.) Plaintiffs' requested relief is untimely and unwarranted.

Following the filing of PRA's opposition brief on October 28, 2011, Plaintiffs had ample opportunity to raise their arguments and to notice and conduct the depositions of James Ball and Kelly Warren. Based on communications between Plaintiffs' counsel and PRA's counsel on November 1, 2011, it is apparent that Plaintiffs had reviewed all or part

4

of PRA's opposition brief and supporting documents as early as November 1, 2011. At that time, Plaintiffs did not request an extension of time or express any intent to depose James Ball and Kelly Warren.

After having reviewed PRA's opposition brief, a status hearing was held on November 3, 2011. At this hearing, nothing prevented Plaintiffs from raising their arguments for an extension of time to file their reply brief. But Plaintiffs did not do so.

Indeed, Plaintiffs' requested relief—an extension of time to file their reply class-certification brief—has, in essence, already been denied. On November 11, 2011, the Court reaffirmed its ruling that "[t]he previously set date of 11/17/11 for Plaintiffs to file the reply memorandum in support of their motion for class certification shall stand." (Dkt. No. 84.) Despite the Court's clear Order, Plaintiffs seek an extension of time to file their reply at the eleventh hour.

Between October 28, 2011, and November 17, 2011, Plaintiffs had ample opportunity to seek an extension of time to file their reply brief and to file notice and conduct the depositions of Mr. Ball and Ms. Warren. But Plaintiffs never did so. Rather, Plaintiffs were preparing amendments to their complaint, seeking out and adding new plaintiffs, and briefing their motion for leave to amend. Simply put, Plaintiffs are not entitled to relief that would have been unnecessary had Plaintiffs carried out due diligence to prepare their reply brief in a timely fashion before the court-ordered deadline.[3]

---

[3] Plaintiffs erroneously state that they had no opportunity to take oral discovery in this matter. (Pls.' Mot. ¶ 4.) Contrary to Plaintiffs' apparent position, the conversation between counsel on November 14, 2011, which involved a discussion of the timing of the Rule 30(b)(6) deposition of PRA, did not foreclose Plaintiffs from noticing and conducting the depositions of individuals such as Mr. Ball and Ms. Warren.

5

>    II.   **Plaintiffs' attempt to cast doubt on the credit-card account records supporting PRA's opposition brief fails and, in any event, does not warrant a delay in class-certification briefing.**

Plaintiffs attempt to cast doubt on the relevancy of the credit-card account records attached to the Ball and Warren Declarations in support of PRA's opposition brief. Plaintiff suggests that PRA's credit-card account records are "generic" and that they "have nothing to do with any specific account" or any putative class member. (Pls.' Mot. ¶¶ 6–7.)

In support of this argument, Plaintiffs merely cite unrelated case law and unrelated court documents (*Foreman v. PRA III, LLC*, No. 05 3372). But Plaintiffs' "authority" is irrelevant here and does not support Plaintiffs' argument that the credit-card account records do not present individualized circumstances which would prevent class certification. (Pls.' Mot. ¶¶ 9–10.) In any event, Plaintiffs' motion fails to explain why any discovery is necessary to properly reply to PRA's opposition brief. Plaintiff will suffer no prejudice by raising its arguments regarding PRA's supporting documents in a reply brief.

>   III.   **Plaintiffs' requested relief is vague, indefinite, and unreasonable and therefore should be denied.**

In their motion, Plaintiffs request that this Court grant them "an extension of time to file a reply in support of their motion for class certification." (Pls.' Mot. at 5.) But Plaintiffs do not specify—let alone estimate—the number of days or weeks that would make up this extension. It is apparent that Plaintiffs wish to delay class-certification briefing to take depositions of James Ball and Kelly Warren, but still "maintain the position that depositions of PRA representatives [including Kelly Warren] should be postponed until there has been a decision by the MDL panel as to the future of this." (Pls.' Mot. ¶¶ 5–13.) Accordingly, Plaintiffs' requested relief—an unspecified extension of time—is not

only indefinite but would be unreasonable in length. Accordingly, the Court should refuse to grant such vague and unreasonable relief, especially when raised in an untimely motion.

## Conclusion

For the foregoing reasons, PRA respectfully requests the Court to deny Plaintiffs' motion. If Plaintiffs do not file their reply brief in support of their motion for class certification in a timely fashion on November 17, 2011, PRA respectfully requests the Court to deny Plaintiffs the right to file an untimely reply brief, and to enter an order on Plaintiffs' motion for class certification based on the existing briefing before the Panel rules on the motion to transfer and consolidate the actions.

Dated: November 17, 2011

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By: *s/ Jennifer M. Robbins*

Christopher W. Madel
MN Reg. No. 230297, *admitted pro hac vice*
Denise S. Rahne
MN Reg. No. 331314, *admitted pro hac vice*
Jennifer M. Robbins
MN Reg. No. 0387745, *admitted pro hac vice*
Nicole S. Frank
MN Reg. No. 0388822, *admitted pro hac vice*

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: 612-349-8500
Facsimile: 612-339-4181

E-mail: cwmadel@rkmc.com
Email: dsrahne@rkmc.com
E-mail: jmrobbins@rkmc.com

7

E-mail: nsfrank@rkmc.com

Alexander S. Vesselinovitch (IL 3122893)
Emily Prentice (IL 6277643)
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street
Chicago, Illinois 60661
Telephone: 312-902-5200
Facsimile: 312-902-1061
Email: avesselinovitch@kattenlaw.com
Email: emily.prentice@kattenlaw.com

*Attorneys for Defendants Portfolio Recovery Associates, LLC*

82646741.1